UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

SAI QIN CHEN, et al.,                    :
                                                      13 Civ. 3902 (HBP)
                    Plaintiffs,      :

                                                      OPINION
      -against-                      :    AND ORDER

EAST MARKET RESTAURANT, INC.,       :
et al.,
                                     :

                    Defendants.
                                     :
----------------------------------X


          PITMAN, United States Magistrate Judge:


I.   Introduction


          Plaintiffs Sai Qin Chen, Wai Fong Cheong, Ai Qin Guo,

Zeng Can Lu, Xiu Rong Tong, Sky Wong and Xiu Hua Xu commenced

this action against their current or former employer, East Market

Restaurant, Inc. ("East Market"), and its shareholders Jimmy

Cheng, Guo Ping Zheng, Zheng Jiang Zheng and Zheng Xiang Zheng to

recover for alleged wage and records violations under the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New

York Labor Law ("Labor Law"), N.Y. Lab. Law §§ 190 et seq., §§

650 et seq. (Amended Complaint, dated June 9, 2014 (Docket Item

32) ("Am. Compl.")).  By notice of motion dated August 29, 2014

(Docket Item 36), plaintiffs move for partial summary judgment

pursuant to Federal Rule of Civil Procedure 56.  The parties have

consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

For the following reasons, plaintiffs' motion is granted to the extent plaintiffs claim defendants were not entitled to take advantage of the tip credit.  Plaintiff's motion is denied in all other respects.

II.  Facts

This action arises out of plaintiffs' employment at East Market, a restaurant in New York City (Am. Compl. ¶¶ 1, 8). Plaintiffs were employed variously as bussers, waitresses and waiters and captains (Am. Compl. ¶ 2).  Plaintiffs all assert claims under the FLSA and the Labor Law (Am. Compl. ¶¶ 3, 28-30). Specifically, plaintiffs contend that they were not paid the minimum wage required by law because defendants improperly took the tip credit[1] (Am. Compl. ¶¶ 3, 28).  Plaintiffs argue that defendants were ineligible for the tip credit because they failed to notify plaintiffs of their intent to take the tip credit, as

---

[1] If certain conditions are met, the FLSA and the Labor Law permit an employer to pay an employee an hourly wage below the minimum wage so long as the reduced hourly wage and the employee's tips equal or exceed the minimum wage.  See generally Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 239-40 (2d Cir. 2011); Salinas v. Starjem Rest. Corp., 13 Civ. 2992 (AT), 2015 WL 4757618 at *15 (S.D.N.Y. Aug. 12, 2015) (Torres, D.J.).

required by both the FLSA and the Labor Law (Am. Compl. ¶ 28).
In addition, plaintiffs contend that defendants failed to main-
tain the pay records required by the Labor Law (Am. Comp. ¶¶ 29-
30).

III. <u>Analysis</u>

A.   <u>Legal Standards</u>

1.   <u>Summary Judgment</u>

The standards applicable to a motion for summary
judgment are well-settled and require only brief review.

> Summary judgment may be granted only where there is no
> genuine issue as to any material fact and the moving
> party . . . is entitled to a judgment as a matter of
> law.  Fed.R.Civ.P. 56(c).  In ruling on a motion for
> summary judgment, a court must resolve all ambiguities
> and draw all factual inferences in favor of the non-
> moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477
> U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
> To grant the motion, the court must determine that
> there is no genuine issue of material fact to be tried.
> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23, 106
> S.Ct. 2548, 91 L.Ed.2d 265 (1986).  A genuine factual
> issue derives from the "evidence [being] such that a
> reasonable jury could return a verdict for the non-
> moving party."  <u>Anderson</u>, 477 U.S. at 248, 106 S.Ct.
> 2505.  The nonmoving party cannot defeat summary judg-
> ment by "simply show[ing] that there is some metaphysi-
> cal doubt as to the material facts," <u>Matsushita Elec.</u>
> <u>Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586,
> 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), or by a factual
> argument based on "conjecture or surmise," <u>Bryant v.</u>
> <u>Maffucci</u>, 923 F.2d 979, 982 (2d Cir. 1991).  The Su-
> preme Court teaches that "all that is required [from a

3

> nonmoving party] is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); see also Hunt v. Cromartie, 526 U.S. 541, 552, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999). It is a settled rule that "[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment." Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997).

McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 2006); accord Hill v. Curcione, 657 F.3d 116, 124 (2d Cir. 2011); Jeffreys v. City of New York, 426 F.3d 549, 553-54 (2d Cir. 2005); Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir. 2004).

"Material facts are those which 'might affect the outcome of the suit under the governing law,' and a dispute is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Coppola v. Bear Stearns & Co., 499 F.3d 144, 148 (2d Cir. 2007), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); accord McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007). "'[I]n ruling on a motion for summary judgment, a judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [non-movant] on the evidence presented[.]'" Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 788 (2d Cir.

4

2007) (second alteration in original), quoting Readco, Inc. v. Marine Midland Bank, 81 F.3d 295, 298 (2d Cir. 1996).

Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, supra, 477 U.S. at 322-23, citing Fed.R.Civ.P. 56.

A court cannot make credibility determinations or weigh the evidence in ruling on a motion for summary judgment.

> [T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. Lytle v. Household Mfg., Inc., 494 U.S. 545, 554-555, 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990); Liberty Lobby, Inc., supra, at 254, 106 S.Ct. 2505; Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 696, n.6, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Liberty Lobby, supra, at 255, 106 S.Ct. 2505. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. See Wright & Miller 299. That is, the court should give credence to the evidence favoring the nonmovant as well as that

"evidence supporting the moving party that is uncontra-
dicted and unimpeached, at least to the extent that
that evidence comes from disinterested witnesses."
Id., at 300, 106 S.Ct. 2505.

Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51

(2000); accord In re Dana Corp., 574 F.3d 129, 152 (2d Cir.

2009); Tolbert v. Queens College, 242 F.3d 58, 70 (2d Cir. 2001).


     2.   The FLSA and
         the Labor Law


When an employer moves for summary judgment in a case

alleging violation of the FLSA,

> [and its] records are inaccurate or inadequate, an
> employee need only present "sufficient evidence to show
> the amount and extent of [the uncompensated work] as a
> matter of just and reasonable inference," [Anderson v.
> Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)].
> See, e.g., Von Friewalde v. Boeing Aerospace Opera-
> tions, Inc., 339 Fed. Appx. 448, 455, 460 (5th Cir.
> 2009); Brown v. Family Dollar Stores of Ind., LP, 534
> F.3d 593, 594-98 (7th Cir. 2008); Allen v. Bd. of Pub.
> Educ. for Bibb Cnty., 495 F.3d 1306, 1315-18 (11th Cir.
> 2007); Magnoni v. Smith & Laquercia, LLP, 661 F. Supp.
> 2d 412, 417-18 (S.D.N.Y. 2009).  Consistent with Ander-
> son, an employee's burden in this regard is not high.
> See 328 U.S. at 687, 66 S.Ct. 1187 (remedial purpose of
> FLSA militates against making employee's burden an
> "impossible hurdle").  It is well settled among the
> district courts of this Circuit, and we agree, that it
> is possible for a plaintiff to meet this burden through
> estimates based on his own recollection.  See, e.g.,
> Canela-Rodriguez v. Milbank Real Estate, No. 09 Civ.
> 6588 (JSR), 2010 WL 3701309, at *2, 2010 U.S. Dist.
> LEXIS 98884, at *5 (S.D.N.Y. Sept. 20, 2010); Rivera v.
> Ndola Pharmacy Corp., 497 F. Supp. 2d 381, 388
> (E.D.N.Y. 2007); Magnoni, 661 F. Supp. 2d at 417-18.

Kuebel v. Black & Decker Inc., 643 F.3d 352, 362 (2d Cir. 2011)
(second alteration in original); accord McNamara v. Associated
Press, 40 F. Supp. 3d 345, 353 (S.D.N.Y. 2014) (Pitman, M.J.);
Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 84 (E.D.N.Y.
2012); see also Jiao v. Shi Ya Chen, 03 Civ. 0165 (DF), 2007 WL
4944767 at *3 (S.D.N.Y. Mar. 30, 2007) (Freeman, M.J.) ("Like the
FLSA, 'in the absence of adequate records,' New York law also
'places the burden on the employer to show the employee was
properly compensated.'"), quoting Yang v. ACBL Corp., 427 F.
Supp. 2d 327, 337 n.15 (S.D.N.Y. 2005) (Sand, D.J.) and citing
N.Y. Lab. Law § 196-a.

    B.   Analysis of
       Plaintiffs' Arguments

       1.  Defendants' Failure to
          Follow Local Rule 56.1

      As a threshold matter, plaintiffs argue that "the Court
should deem [their Local Rule 56.1] Statement to be admitted in
its entirety" due to defendants' failure to submit a
counter-statement of material facts pursuant to Local Rule 56.1
(Reply Memorandum of Law, dated (Docket Item ) ("Pls.' Reply"),
at 1).  Defendants' "failure to comply with Local Rule 56.1 is
grounds for deeming admitted the facts contained in defendants'

Rule 56.1 statement" and granting defendants' motion.  Taylor v.
Local 32E Serv. Emps. Int'l, Union, 286 F. Supp. 2d 246, 248 n.1
(S.D.N.Y. 2003) (Conner, D.J.), aff'd, 118 F. App'x 526 (2d Cir.
2004) (summary order); Watt v. N.Y. Botanical Garden, 98 Civ.
1095 (BSJ), 2000 WL 193626 at *1 n.1 (S.D.N.Y. Feb. 16, 2000)
(Jones, D.J.).  "A district court[, however,] has broad discre-
tion to determine whether to overlook a party's failure to comply
with local court rules," and, thus, "may . . . opt to conduct an
assiduous review of the record" even when a party has not com-
plied with Rule 56.1.  Holtz v. Rockefeller & Co., 258 F.3d 62,
73 (2d Cir. 2001) (internal quotation marks omitted).

     Considering that defendants are represented by counsel,
their failure to file a counter-statement under Local Rule 56.1
is inexplicable.  However, given the strong preference in this
Circuit for resolving cases on the merits, see e.g., Pecarsky v.
Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001); Jamison
v. Fischer, 11 Civ. 4697 (RJS), 2012 WL 4767173 at *6 (S.D.N.Y.
Sept. 27, 2012) (Sullivan, D.J.), I shall overlook defendants'
failure to serve an opposing Rule 56.1 statement and shall review
the record independently.  See Am. Med. Ass'n v. United
HealthCare Corp., 00 Civ. 2800 (LMM), 2007 WL 1771498 at *3
(S.D.N.Y. June 18, 2007) (McKenna, D.J.) (conducting review of
the record "to fill . . . gaps" resulting from plaintiffs'

failure to file a 56.1 counter-statement in response to defendants' 56.1 statement); <u>Citibank N.A. v. Outdoor Resorts of Am., Inc.</u>, 91 Civ. 1407 (MBM), 1992 WL 162926 at *4 (S.D.N.Y. June 29, 1992) (Mukasey, D.J.) (declining to grant summary judgment based on non-moving party's failure to submit a Rule 56.1 statement).

### 2.  <u>Defendants' Records</u>

Plaintiffs first seek summary judgment on their Labor Law claims with respect to the number of hours worked and wages paid (Plaintiffs' Memorandum of Law in Support of Plaintiffs' Partial Motion for Summary Judgment, dated August 29, 2014 (Docket Item 37) ("Pls.' Mem.") at 2-3).  Plaintiffs argue that I should grant this portion of their motion because East Market did not keep complete or accurate records of plaintiffs' hours and wages (Pls.' Mem. at 3).

<u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680 (1946), teaches that a plaintiff can sustain his burden of proof as to hours worked and wages paid based on recollection alone. <u>See also</u> <u>Kuebel v. Black & Decker Inc.</u>, <u>supra</u>, 643 F.3d at 362 ("[I]t is possible for a plaintiff to meet this burden through estimates based on his own recollection.").  The plaintiff's recollection does not, however, conclusively establish the hours

9

worked and wages paid.[2]  The fact finder remains free to believe or disbelieve the plaintiff.

Plaintiffs have submitted check stubs and payroll records kept by defendants (Declaration of Carmela Huang in Support of Plaintiffs' Motion for Partial Summary Judgment, dated August 29, 2014 (Docket Item 41) ("Huang Decl.") Exs. N, O, P), but plaintiffs contend that these records are incomplete for Sai Qin Chen, Wai Fong Cheong, Ai Qin Guo, Zeng Can Lu, Xiu Rong Tong and Sky Wong, and nonexistent for Xiu Hua Xu (Pls.' Mem. at 3).  Plaintiffs also dispute the rate of pay shown on the paystubs from 2007 (Pls.' Mem. at 3).  In response, defendants argue in their brief that they did keep complete records, citing to the testimony of Louis Miu, Defendants' Fed.R.Civ.P. 30(b)(6) witness (Defs.' Mem. at 4; see also Declaration of Traci M. Strickland in

---

[2]The single case cited by plaintiffs for this proposition, Ho v. Sim Enter., Inc., 11 Civ. 2855 (PKC), 2014 WL 1998237 at *14-*16 (S.D.N.Y. May 14, 2014) (Castel, D.J.) (Pls.' Mem. at 3), is a decision issued after a bench trial, and the judge was, therefore, free to make credibility findings and to resolve disputes in the evidence.  I cannot engage in such factinding in resolving a motion for summary judgment.  C.R. Klewin v. Flagship Properties, Inc., 955 F.2d 5, 7 (2d Cir. 1992).  I further note that plaintiffs' own statements as to their hours worked and compensation are internally inconsistent.  See e.g., (Deposition of Sai Quin Chen, annexed as Ex. A to Huang Decl., at 10, 24 (stating that she was paid five hundred to eight hundred dollars per week and worked twenty to fifty hours per week); Affidavit of Sai Quin Chen, annexed as Ex. B to Huang Decl., ¶¶ 6-7 (stating that she made $4.60 per hour and later $4.65 per hour and worked from twenty to forty hours per week)).

Opposition to Plaintiffs' Motion for Summary Judgment, dated September 22, 2014 (Docket Item 43) ("Strickland Decl.") Ex. B at 61 (stating that he did not have any reason to believe that the information on the pay stubs for any of the tipped employees was inaccurate)).  Whether plaintiffs' testimony or defendants' records should be credited is a question of fact.

Accordingly, I find that there are questions of fact as to the hours plaintiffs worked and the wages they were paid.  I, therefore, deny plaintiffs' motion for summary judgment on this issue.

### 3.  Tip Credit and the Minimum Wage

Plaintiffs next seek summary judgment on the issue of whether defendants were eligible to take advantage of the tip credit.  Plaintiffs argue that defendants were not eligible to take the tip credit because they did not notify plaintiffs with each weekly pay statement that the tip credit was being taken and did not keep weekly payroll records, showing the credits being taken, for at least six years (Pls.' Mem. at 4-5).  Defendants contend that they are eligible for the tip credit because they verbally informed plaintiffs that they considered tip income as part of the minimum wage (Defendants' Opposition to Plaintiffs'

Motion for Summary Judgment, dated September 22, 2014 (Docket
Item 40) ("Defs.' Mem.") at 3).[3]

> "New York state law allows employers to credit a por-
> tion of an employee's tips and the costs of meals as
> allowances against the minimum wage requirement when
> certain preconditions are met." Padilla v. Manlapaz,
> 643 F. Supp. 2d 302, 309 (E.D.N.Y. 2009). Under the
> regulations in force during the events of this lawsuit,
> "[f]irst, the employer [was] required to 'furnish to
> each employee a statement with every payment of wages
> listing . . . allowances . . . claimed as part of the
> minimum wage. . . .'" Id. at 309-10 (quoting N.Y.
> Comp. Codes R. Regs. tit. 12, § 137-2.2). "Second, the
> employer must 'maintain and preserve for not less than
> six years weekly payroll records which shall show for
> each employee . . . allowances . . . claimed as part of
> the minimum wage. . . .'" Id. at 310 (quoting N.Y.
> Comp. Codes R. Regs. tit. 12, § 137-2.1).

Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253,

290-91 (S.D.N.Y. 2011) (Holwell, D.J.); accord Cuzco v. F & J

Steaks 37th St. LLC, 13 Civ. 1859 (PAC), 2014 WL 2210615 at *2

(S.D.N.Y. May 28, 2014) (Crotty, D.J.); Monterossa v. Martinez

Rest. Corp., 11 Civ. 3689 (JMF), 2012 WL 3890212 at *4 (S.D.N.Y.

Sept. 7, 2012) (Furman, D.J.).  But see Yong Kui Chen v. Wai Yin

Chan, No. 12-1845, 2015 WL 4032693 at *3 (2d Cir. July 2, 2015)

(summary order) (noting that some courts have not imposed a

notice requirement for the tip credit under the Labor Law prior

to January 1, 2011); Yan v. 520 Asian Rest. Corp., 13 Civ. 2417

---

[3]Because defendants' opposition brief is not serially
paginated, I use the page numbers assigned by the Court's ECF
system.

(KNF), 2014 WL 7177259 at *10 (S.D.N.Y. Dec. 17, 2014) (Fox, M.J.) (no notice requirement for tip credit under the Labor Law prior to January 1, 2011); Jin v. Pac. Buffet House, Inc., CV-06-579, 2009 WL 2601995 at *4 (E.D.N.Y. Aug. 24, 2009) (same).

Here, while check stubs do list hourly pay, deductions and tip income, the check stubs do not show "allowances claimed as part of the minimum wage" (see Huang Decl., Ex. P). Some of the payroll records maintained by defendants show a different hourly wage than the check stubs, a wage significantly higher than the minimum wage, and do not state whether any of that wage was comprised of tips (see Huang Decl., Exs. N, O). Other payroll records show an hourly wage and list a tip amount separately. It is not clear whether the plaintiffs claim they received the check stubs or copies of the payroll records or both (see Pls.' Mem. at 5, citing Plaintiffs' Rule 56.1 Statement ¶ 35).

These records are insufficient for an employer to receive the tip credit under the Labor Law prior to January 1, 2011. Salinas v. Starjem Rest. Corp., supra, 13 Civ. 2992 (AT); 2015 WL 4757618 at *15 Copantitla v. Fiskardo Estiatorio, Inc., supra, 788 F. Supp. 2d at 290-91 ("Both the pay statements and the payroll records show only that plaintiffs earned tip-related income; they do not record that any of the tip income was claimed

as part of the minimum wage."); <u>accord</u> <u>Cuzco v. F & J Steaks 37th St. LLC</u>, <u>supra</u>, 2014 WL 2210615 at *3 (citing cases). <u>But</u> <u>see</u> <u>Hicks v. T.L. Cannon Corp.</u>, 35 F. Supp. 3d 329, 343-45 (W.D.N.Y. 2014) (denying summary judgment on tip credit eligibility when, "[b]ased on the parties' stipulations for purposes of Plaintiffs' motion for partial summary judgment, there is no dispute that the employees received pay equal to the required minimum wage; each paycheck listed, among other things, the hours worked, rate of pay, tips earned, and tip makeup pay; the employees knew the amount of the tip credits taken against the minimum wage with each paycheck; and the employees were not confused about the manner in which the employer took the tip credit."). Verbal notice does not meet the prerequisites of the Labor Law prior to January 1, 2011.

Accordingly, I grant plaintiffs' motion for summary judgment on the issue of whether defendants were entitled under the Labor Law to take the tip credit for the period prior to January 1, 2011.

### 4. Minimum Wage

Plaintiffs next argue that summary judgment should be granted in their favor as to defendants' failure to pay the minimum wage under the Labor Law prior to January 1, 2011 (Pls.'

14

Mem. at 4).  I cannot resolve this on the record before me.  As
discussed above, issues of fact remain as to what each plaintiff
was paid.  For example, as plaintiffs note, some records reflect
a regular hourly rate of pay that significantly exceeded the
minimum wage (Pls.' Mem. at 4, 4 n.2).  Plaintiffs dismiss these
records as "inaccurate" and "false" (Pls.' Mem. at 4, 4 n.2), but
these inconsistencies in the record give rise to questions of
fact that I cannot resolve at this time.

        Accordingly, I deny plaintiffs' motion for summary
judgment as to defendants' alleged failure to pay the minimum
wage.


        5.  <u>Liquidated Damages</u>


        Plaintiffs next argue that they are entitled to liqui-
dated damages and prejudgment interest for defendants' failure to
pay minimum wage (Pls.' Mem. at 6).  As discussed above, I do not
decide here whether defendants have failed to pay plaintiffs the
minimum wage under the Labor Law.  As a result, I cannot decide
whether plaintiffs are entitled to liquidated damages and pre-
judgment interest.

        Accordingly, I deny plaintiffs' motion for summary
judgment on these issues.


                              15

6.   <u>Joint and Several Liability</u>

Finally, plaintiffs contend that the individual defen-
dants are jointly and severally liable for "all violations"
(Pls.' Mem. at 9).  Specifically, plaintiffs contend that Jimmy
Cheng, Guo Ping Zheng, Zheng Jiang Zheng and Zheng Xiang Zheng
are employers within the meaning of the Labor Law and the FLSA
(Pls.' Mem. at 10).[4]

In order to be jointly and severally liable, defendants
must be "employers" within the meaning of the Labor Law and the
FLSA.

> [The Labor Law]'s broad definition of an employer
> includes "any person . . . employing any individual in
> any occupation, industry, trade, business or service or
> any individual . . . acting as employer." <u>Irizarry v.
> Catsimatidis</u>, 722 F.3d 99, 118 (2d Cir. 2013) (citing
> NYLL § 190(3)).  Courts look to a four-factor "economic
> reality" test to determine whether this definition has
> been met -- namely whether the alleged employer "(1)
> had the power to hire and fire the employees; (2)
> supervised and controlled employee work schedules or
> conditions of employment; (3) determined the rate and
> method of payment; (4) and maintained employment re-
> cords." <u>Lauria v. Heffernan</u>, 607 F. Supp. 2d 403, 409
> (E.D.N.Y. 2009).

---

[4]Although defendants have not responded to this argument, I
cannot grant a motion for summary judgment on default and must
independently determine if plaintiffs are entitled to judgment as
a matter of law.  <u>Vermont Teddy Bear Co. v.  1-800 Beargram Co.</u>,
373 F.3d 241, 244 (2d Cir. 2004) ("Even when a motion for summary
judgment is unopposed, the district court is not relieved of its
duty to decide whether the movant is entitled to judgment as a
matter of law.").

Karic v. Major Auto. Cos., 992 F. Supp. 2d 196, 203 (E.D.N.Y.
2014); Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir.
1984).  "These factors are not exclusive, and the plaintiff need
not satisfy all of them to demonstrate that a particular defen-
dant is an employer." Kim v. Kum Gang, Inc., 12 Civ. 6344 (MHD),
2015 WL 2222438 at *39 (S.D.N.Y. Mar. 19, 2015) (Dolinger, M.J.),
citing Zheng v. Liberty Apparel Co., 355 F.3d 61, 71-72 (2d Cir.
2003).

        The evidence concerning the extent of the individual
defendants' authority over the employees is in conflict.  A
stipulation into which the parties entered in July 2014 provides
that:  (1) from 2007 through 2009 an unidentified financial
officer managed income and expenses, (2) a general manager
handled the restaurant's "day to day" operations, (3) hiring and
firing was subject to the approval of one of the individual
defendants, Guo Ping Zheng, and (4) after March 1, 2008, hiring
and firing decisions were subject to the approval of all of the
individual defendants.  Although probative, the facts to which
the parties have stipulated do not, as a matter of law, conclu-
sively establish the four factors relevant to determining whether
a person is an employer and do not, therefore, warrant the
granting of summary judgment on this issue.

The deposition testimony cited by plaintiffs in support
of this aspect of their motion is probative, but not dispositive.
The individual defendants testified that, acting collectively at
shareholder meetings, they make hiring and firing decisions, some
scheduling decisions and some wage decisions.  The deposition
testimony states that these decisions are made by a majority vote
of the individual defendants as shareholders.  The deposition
testimony does not suggest that any shareholder can make any of
these decisions unilaterally nor does the record connect the vote
of any individual defendant to any of the illegal employment
practices that plaintiffs allege.

The cases in this Circuit dealing with individual
liability under the FLSA and the Labor Law ordinarily involve
allegations that an individual had unilateral control over the
material aspects of the conditions of employment and was, there-
fore, an employer within the meaning of the FLSA and the Labor
Law.  E.g. Irizarry v. Catsimatidis, 722 F.3d 99 (2d Cir. 2012);
Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132 (2d Cir. 1999);
Inclan v. New York Hospitality Group, Inc., 12 Civ. 4498 (NRB),
2015 WL 1399599 (S.D.N.Y. Mar 26, 2015) (Buchwald, D.J.); Kim v.
Kum Gang, Inc., supra, 2015 WL 2222438.  This case is distin-
guishable because it does not appear that any individual defen-

dant had such power although all the individual defendants had such power collectively.

An additional complication is that plaintiffs have not offered any evidence connecting the conduct of any individual defendant to one of the employment practices in issue, i.e., whether a particular defendant voted for or against any of the challenged employment practices.  See Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 678 (1st Cir. 1998) (factors relevant to personal liability under the FLSA include defendant's "personal  responsibility for making decisions about the conduct of the business that contributed to the violations of the Act").  It is difficult to see what policy would be furthered by imposing personal liability on a shareholder who, as a dis-senting voice, voted against the practices plaintiffs challenge.

The parties have not briefed this issue, and my own research has not disclosed any case in which the power to hire and fire and to set wages and schedules was held by a group of individuals collectively.

In light of the absence of evidence connecting any individual defendant to the employment practices in issue and the failure of the parties to address in their memoranda of law whether individuals can be personally liable under the FLSA and the Labor Law when they are part of a group that can control the

employment relationship, this aspect of plaintiffs' motion is also denied.

IV.  Conclusion

Accordingly, for all the foregoing reasons, I grant plaintiffs' motion to the extent that they claim defendants were not entitled to take advantage of the tip credit.  Plaintiff's motion is denied in all other respects.  The Clerk of the Court is directed to mark Docket Item 36 as closed.

Dated:  New York, New York
        September 30, 2015

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Carmela Huang, Esq.
David A. Colodny, Esq.
Urban Justice Center
16th Floor
123 William Street
New York, New York  10038

Stuart L. Lichten, Esq.
Lichten & Bright, P.C.
17th Floor
475 Park Avenue
New York, New York  10016

20

Traci M. Strickland, Esq.
Avelino Nitkewicz LLP
225 Broadway
New York, New York  10007