```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
SAI QIN CHEN, WAI FONG CHEONG,      :
AI QIN GUO, ZENG CAN LU, XIU
RONG TONG, SKY WONG, and XIU        :
HUA XU,
                                    :
              Plaintiffs,                   13 Civ. 3902 (HBP)
                                    :
    -against-                               OPINION
                                    :       AND ORDER
EAST MARKET RESTAURANT, INC.,
d/b/a "East Market Restaurant,"     :
JIMMY CHENG, GUO PING ZHENG,
ZHENG JIANG ZHENG, and ZHENG        :
XIANG ZHENG
                                    :
              Defendants.
                                    :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/20/18

PITMAN, United States Magistrate Judge:

I. Introduction

  Plaintiffs commenced this action pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL") to recover unpaid wages, liquidated damages, pre- and post-judgment interest and penalties for failure to provide wage statements and notices under the NYLL. After succeeding on these claims at trial, plaintiffs now move for attorneys' fees and costs (Plaintiffs' Memorandum of Law in Support of Plaintiff's Motion for an Award of Attorneys' Fees and Costs (Docket Item ("D.I.") 86) ("Pl. Memo.")). All parties have consented to my exercising plenary jurisdiction pursuant to

26 U.S.C. § 636(c). For the reasons set forth below, plaintiffs are awarded attorneys' fees in the amount of $143,141.50 plus out-of-pocket costs of $9,315.50.

II. Facts[1]

Plaintiffs were employed at East Market Restaurant, Inc. ("East Market") as food preparation service workers from June 7, 2007 through June 11, 2014. Sai Qin Chen v. East Market Restaurant, Inc., supra, 2018 WL 340016 at *1. This matter was tried before me on June 20, 21 and 22, 2016. On January 9, 2018, I issued an Opinion and Order finding that defendant East Market and the individual defendants were plaintiffs' employers at all relevant times under the FLSA and the NYLL and, thus, were liable to plaintiffs for unpaid wages. Sai Qin Chen v. East Market Restaurant, Inc., supra, 2018 WL 340016 at *4-*7. I then awarded an appropriate amount of damages to each plaintiff based on their recollection of hours worked because defendants' time records were incomplete as to some plaintiffs and non-existent as to others. Sai Qin Chen v. East Market Restaurant, Inc., supra, 2018 WL 340016 at *17; see also Agudelo v. E & D LLC, 12 Civ.

---

[1] The facts giving rise to this action are set forth in further detail my previous Opinion and Order. See Sai Qin Chen v. East Market Restaurant, Inc., 13 Civ. 3902 (HBP), 2018 WL 340016 (S.D.N.Y. Jan. 9, 2018). The reader's familiarity with that Opinion is presumed. I shall set out any additional facts to the extent they are pertinent to the legal analysis.

2

0960 (HB), 2012 WL 6183677 at *2 (S.D.N.Y. Dec. 11, 2012) (Baer, D.J.) (finding "[i]n the absence of rebuttal by defendants, a plaintiff's recollection and estimates of hours worked are presumed to be correct"), citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 688 (1946).

I further ordered plaintiffs to submit a fee application, accompanied by contemporaneous time records, establishing the legal fees they incurred in prosecuting this action. Sai Qin Chen v. East Market Restaurant, Inc., supra, 2018 WL 340016 at *10. Plaintiffs timely submitted declarations and contemporaneous time records in support of their application for attorneys' fees in the amount of $143,141.50 plus out-of-pocket costs of $9,315.50 (Declaration of David A. Colodny, dated Jan. 22, 2018 (D.I. 87) ("Colodny Decl."); Declaration of Aaron Halegua, dated Jan. 22, 2018 (D.I. 88) ("Halegua Decl."); Declaration of Stuart Lichten, dated Jan. 18, 2018 (D.I. 89) ("Lichten Decl."); Declaration of Carmela Huang, dated Jan. 23, 2018) ("Huang Decl.")).

Defendants did not submit a response or opposition to the amount of fees sought by plaintiffs.

III. Analysis

   A. Applicable Principles

   Whether an attorneys' fee award is reasonable is within the discretion of the court. Melgadejo v. S & D Fruits & Vegetables Inc., 12 Civ. 6852 (RA)(HBP), 2015 WL 10353140 at *23 (S.D.N.Y. Oct. 23, 2015) (Pitman, M.J.) (Report & Recommendation), adopted at, 2016 WL 554843 (S.D.N.Y. Feb. 9, 2016) (Abrams, D.J.). The party seeking fees bears the burden of establishing that the hourly rates and the number of hours for which compensation is sought are reasonable. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); accord Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994).

   In determining the amount of reasonable attorneys' fees, "[b]oth [the Second Circuit] and the Supreme Court have held that the lodestar -- the product of a reasonable hourly rate and the reasonable number of hours required by the case -- creates a 'presumptively reasonable fee.'" Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011), quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008). The hourly rates used in determining a fee award should be "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood

4

Ass'n v. County of Albany, supra, 522 F.3d at 184. This rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). "[C]ourts should generally use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, supra, 522 F.3d at 192, quoting In re "Agent Orange" Prods. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987). In so doing, the court is free to rely on its own familiarity with the prevailing rates in the district. See Miele v. New York State Teamsters Conference Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987).

The Honorable Loretta A. Preska, United States District Judge, has summarized the factors to be considered in assessing the reasonableness of the hours claimed in a fee application:

> To assess the reasonableness of the time expended by an attorney, the court must look first to the time and work as they are documented by the attorney's records. See Forschner Group, Inc. v. Arrow Trading Co., Inc., No. 92 Civ. 6953 (LAP), 1998 WL 879710, at *2 (S.D.N.Y. Dec. 15, 1998). Next the court looks to "its own familiarity with the case and its experience generally . . . . Because attorneys' fees are dependent on the unique facts of each case, the resolution of the issue is committed to the discretion of the district court." AFP Imaging Corp. v. Phillips Medizin Sys., No. 92 Civ. 6211 (LMM), 1994 WL 698322, at *1 (S.D.N.Y. Dec. 13, 1994) (quoting Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992) (quoting DiFilippo v. Morizio, 759 F.2d 231, 236 (2d Cir. 1985))).

\*   \*   \*

>    Finally, billing judgment must be factored into the equation. Hensley, 461 U.S. at 434; DiFilippo, 759 F.2d at 235-36. If a court finds that the fee applicant's claim is excessive, or that time spent was wasteful or duplicative, it may decrease or disallow certain hours or, where the application for fees is voluminous, order an across-the-board percentage reduction in compensable hours. In re "Agent Orange" Products Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987) (stating that "in cases in which substantial numbers of voluminous fee petitions are filed, the district court has the authority to make across-the-board percentage cuts in hours 'as a practical means of trimming fat from a fee application'" (quoting Carey, 711 F.2d at 1146)); see also United States Football League v. National Football League, 887 F.2d 408, 415 (2d Cir. 1989) (approving a percentage reduction of total fee award to account for vagueness in documentation of certain time entries).

Santa Fe Natural Tobacco Co. v. Spitzer, 00 Civ. 7274 (LAP), 00 Civ. 7750 (LAP), 2002 WL 498631 at \*3 (S.D.N.Y. Mar. 29, 2002); accord Hensley v. Eckerhart, supra, 461 U.S. at 434.

>    B.   Application of
>         the Foregoing Principles

Plaintiffs' counsel in this matter included four attorneys: David Colodny, Esq.[2] and Carmela Huang, Esq. from the Urban Justice Center; Stuart Lichten, Esq. from Lichten & Bright,

---

[2]David Colodny is presently employed as the Director of Legal Services for Catholic Migration Services, but he was previously employed by the Urban Justice Center. He acted as co-counsel for plaintiffs while he was employed by the Urban Justice Center.

6

P.C. and Aaron Huang from Aaron Halegua, PLLC. Their positions, requested hourly rates and hours recorded are as follows:

| Name | Position | Rate | Hours Recorded |
|---|---|---|---|
| David Colodny | Supervising Attorney, 20 years experience | $425 | 16.70 |
| Stuart Lichten | Partner, 18 years experience | $400 | 48.75 |
| Carmela Huang | Supervising Attorney, 8 years experience | $300 | 291.00 |
| Aaron Halegua | Partner, 8 years experience | $300 | 97.48 |

(Pl. Memo. at 3).

1. Reasonable Hourly Rate

As the chart above indicates, plaintiffs seek fees based on hourly rates ranging from $300 to $425. Courts of this Circuit commonly allow for hourly rates of $300 to $400 for experienced attorneys or partners in FLSA and NYLL wage-and-hour cases. See Greathouse v. JHS Security, Inc., 11 Civ. 7845 (PAE)(GWG), 2017 WL 4174811 at *4 (S.D.N.Y. Sept. 20, 2017) (Engelmayer, D.J.); Cortes v. New Creators, Inc., 15 Civ. 5680 (PAE), 2016 WL 3455383 at *7 (S.D.N.Y. Jun. 20, 2016)

7

(Engelmayer, D.J.); Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp., 13 Civ. 3061 (JGK), 2014 WL 2624759 at *6 (S.D.N.Y. Jun. 10, 2014) (Koeltl, D.J.); Trinidad v. Pret a Manger (USA) Ltd., 12 Civ. 6094 (PAE), 2014 WL 4670870 at *9 (S.D.N.Y. Sept. 19, 2014) (Engelmayer, D.J.).

Considering plaintiffs' counsel's experience, as set forth in each of their declarations, along with the nature of the matter and my familiarity with the prevailing rates for litigators, I find that the proposed hourly rates are reasonable. See Powell v. Metro One Loss Prevention Servs. Grp. (Guard Div. NY), Inc., 12 Civ. 4221 (LAP)(DF), 2015 WL 9287121 at *2-*4 (S.D.N.Y. Feb. 5, 2015) (Freeman, M.J.) (Report & Recommendation) (awarding $650 hourly rate to partner with more than 35 years of experience in employment law and $350 hourly rate to associate with 8 years of experience), adopted at, 2015 WL 9255338 (S.D.N.Y. Dec. 17, 2015) (Preska, D.J.); Clark v. Gotham Lasik, PLLC, 11 Civ. 1307 (LGS), 2013 WL 4437220 at *7 (S.D.N.Y. Aug. 20, 2013) (Schofield, D.J.) (awarding $500 hourly rate to partner with more than 15 years of experience in employment law and $275 hourly rate with associate with 4.5 years of experience).

2. Reasonable
   Number of Hours

The party seeking attorneys' fees also bears the burden of establishing that the number of hours for which compensation

is sought is reasonable. Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, supra, 34 F.3d at 1160, citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Wong v. Hunda Glass Corp., 09 Civ. 4402 (RLE), 2010 WL 3452417 at *3 (S.D.N.Y. Sept. 1, 2010) (Ellis, M.J.). Courts "should exclude . . . hours that were not reasonably expended," such as where there is overstaffing or the hours are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, supra, 461 U.S. at 434 (internal quotation marks omitted).

Plaintiffs submitted contemporaneous time records for all attorneys that set forth the date on which services were performed, the hours spent and the nature of the work performed. I have reviewed each of the entries in the time records, and I find that the number of hours counsel spent litigating this case from its filing in 2013 through trial in 2016 are reasonable. Considering this action involved seven different plaintiffs, extensive motion practice and discovery, multiple depositions, and a three-day trial, 453.93 hours spent on this litigation is reasonable. Furthermore, the majority of hours were billed to the more junior attorneys, Ms. Huang and Mr. Halegua, rather than the more senior partners who predominantly served in a supervisory role (see Time Records, annexed to Colodny Decl. as Ex. A; Time Records, annexed to Lichten Decl.). Zhang v. Lin Kumo Japanese Restaurant, Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at

*2 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) (discussing the potential for abuse in billing every menial task in a litigation at a senior partner rate). Furthermore, defendants have not questioned the number of hours for which compensation is sought.

Accordingly, no reduction of fees is warranted.

### 3. Costs Requested

It is well-settled in this Circuit that "attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998); accord Tlacoapa v. Carregal, 386 F. Supp. 2d 362, 374 (S.D.N.Y. 2005) (Robinson, D.J.); see also Kuzma v. Internal Revenue Service, 821 F.2d 930, 933-34 (2d Cir. 1987). The party moving for costs bears the burden of demonstrating the reasonableness of each charge and "failure to provide adequate documentation of costs incurred will limit, or even defeat, recovery." Piedra v. Ecua Restaurant, Inc., 17-CV-3316 (PKC)(CLP), 2018 WL 1136039 at *20 (E.D.N.Y. Jan. 31, 2018) (Report & Recommendation), adopted at, 2018 WL 1135652 (E.D.N.Y. Feb. 28, 2018).

Plaintiffs request an award of $9,315.50 for costs incurred in this action. These costs are itemized and accompanied by copies of receipts and invoices (Out-of-pocket Costs Invoices, annexed to Huang Decl. as Exs. A through N). Specifi-

cally, plaintiffs are seeking reimbursement of (1) a $400 filing fee; (2) a $46.50 fee for documents received pursuant to a New York State Department of Labor ("DOL") request; (3) $2,339 in court reporter and deposition transcript fees and (4) $6,530 in interpreter fees and services (Huang Decl. ¶¶ 9(a)-(n)).

Plaintiffs' request for a filing fee and the DOL production fee are reasonable and supported by documentation. Thus, these fees are recoverable costs. See Nat'l Integrated Grp. Pension Plan v. Dunhill Food Equip. Corp., 11 Civ. 3652 (MKB), 2014 WL 887222 at *10 (E.D.N.Y. Jan. 6, 2014) ("Filing fees and service of process are specifically included in the statute, and therefore plaintiffs here may recover them."), citing 28 U.S.C. § 1920.

"The cost of deposition transcripts may be recovered if they are necessary to the litigation." Nat'l Integrated Grp. Pension Plan v. Dunhill Food Equip. Corp., supra, 2014 WL 887222 at *11; see also Hernandez v. JRPAC Inc., 14 Civ. 4176 (PAE), 2017 WL 66325 at *2 (S.D.N.Y. Jan. 6, 2017) (Engelmayer, D.J.) (court reporter fees for depositions were "adequately documented, reasonable, and of the type [of costs] commonly reimbursed by courts in this District"); Natural Organics, Inc. v. Nutraceutical Corp., 01 Civ. 384 (GBD)(RLE), 2009 WL 2424188 at *4-*5 (S.D.N.Y. Aug. 6, 2009) (Ellis, M.J.) (awarding the costs of depositions transcripts where they were used at trial or

11

"reasonably necessary to the litigation at the time they were taken"); J.S. Nicol. Inc. v. Peking Handicraft, Inc., 03 Civ. 1548 (GBD)(AJP), 2008 WL 4613752 at *17 (S.D.N.Y. Oct. 17, 2008) (Peck, M.J.) (deposition transcript fees recoverable as costs under 28 U.S.C. § 1920 and S.D.N.Y. Local Civil Rule 54.1 if necessarily obtained for use at trial). Because this action ultimately proceeded to trial after these depositions and because plaintiffs have submitted detailed and itemized receipts for the deposition transcript fees, I find their $2,339 reimbursement request to be reasonable and recoverable.

Finally, plaintiffs request $6,530 in interpreter fees. Interpreter fees are recoverable costs because they are included in "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." LeBlanc-Sternberg v. Fletcher, supra, 143 F.3d at 763; accord Tacuri v. Nithin Constr. Co., 14 Civ. 2908 (CBA)(RER), 2015 WL 790060 at *15 (E.D.N.Y. Feb. 24, 2015); see also Guo v. Tommy's Sushi, Inc., 14 Civ. 3961 (PAE), 2016 WL 452319 at *7 (S.D.N.Y. Feb. 5, 2016) (Engelmayer, D.J.) (interpreter fees recoverable as out-of-pocket costs in this District); Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011) (Peck, M.J.) (awarding costs of interpreters who translated at depositions and court conferences in a FLSA action).

The hourly fees of the interpreters employed by plaintiffs' counsel ranged from $65 to $117 (Out-of-pocket Costs Invoices, annexed to Huang Decl. as Exs. A through N). These hourly fees are reasonable for this District. See Boutros v. JTC Painting & Decorating Corp., 12 Civ. 7576 (PAE), 2014 WL 3925281 at *6-*7 (S.D.N.Y. Aug. 8, 2014) (Engelmayer, D.J.) (awarding an hourly rate of $125 for Spanish language translations). Although $6,530 in interpreter fees appears very high on its face, I acknowledge that nearly every witness at depositions and trial required the use of an interpreter, including defendants and plaintiffs. Thus, I find this request to be reasonable and recoverable. Hernandez v. JRPAC Inc., supra, 2017 WL 66325 at *2 (awarding $4,500 in fees for interpreters used during a FLSA trial).

IV. Conclusion

For the foregoing reasons, plaintiffs are awarded $143,141.50 in attorneys' fees and $9,315.50 in out-of-pocket costs incurred in this action.

Dated: New York, New York
       August 20, 2018

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel